**UNIVERSAL CITY STUDIOS, INC., et al., Plaintiffs,**

v.

**Shawn C. REIMERDES, et al., Defendants.**

**No. 00 Civ. 0277 LAK.**

United States District Court, S.D. New York.

Aug. 17, 2000.

Leon P. Gold, William M. Hart, Proskauer, Rose, L.L.P., New York City, for Plaintffs.

Martin Garbus, Frankfurt, Garbus, Klein & Selz, New York City, for Defendants.

**ORDER**

KAPLAN, District Judge.

The motion of the DVD Copy Control Association ("DVD CCA") for leave to intervene for the limited purpose of opposing defendants' application to place certain exhibits produced by it into the public record is granted.

Defendants seek a determination that Exhibits AOV, AOU, AIZ, and AOQ, all of which are licensing agreements to which DVD CCA's predecessor in interest is a party, are not properly classed as Confidential or Highly Confidential under the confidentiality order previously entered in this case.[1] DVD CCA objects only to the public disclosure of the identities and locations of the licensees and of the contact persons each licensee has identified in its license agreement. It fears that the licensees and these individuals would be subject to hacking attacks and the possibility of criminal action. The record before the Court establishes that these fears are not unfounded. Among other things, the FBI has warned the DVD CCA of the possibility of such criminal action, although no such activity has occurred.

Defendants rely on the presumption of public access to documentary exhibits. *See United States v. Amodeo,* 71 F.3d 1044 (2d Cir.1995). But neither the parties nor the DVD CCA disputes the propriety of making these exhibits available to the public as long as the identities or the licensees and their contact persons are redacted. Thus, the public interest in understanding the role, if any, played by these licenses in the determination of this case is served

---

1. The application originally extended also to Exhibits ARE and ARX, conditional upon their being received in evidence. As they were not received, the application to that extent is moot.

fully by disclosure of their terms. The identities and locations of the licensees and their contact persons adds nothing significant. Given the safety concerns, there is no justification for their disclosure.

Accordingly, defendants' application is granted to the extent that the Court determines that the names and locations of the licensees and their contact persons identified in Exhibits AOV, AOU, AIZ and AOQ shall remain subject to the confidentiality order. The remaining portions of those exhibits shall not. Their application is otherwise denied.

SO ORDERED.